### BISSELL *v.* THE STEAM-TUG ALEXANDER.

*(District Court, E. D. New York. July 16, 1880.)*

1. COLLISION—CANAL-BOAT IN TOW OF TUG — NEGLIGENCE OF CAPTAIN OF BOAT.—The owner of a tug, originally built for a pleasure boat, sent her to tow a canal-boat, loaded with ice which he had bought, through New York harbor. The tug being very small, and the boat large and heavy, a man was put at the helm of the boat by her captain to steer. On the way down the bay a collision occurred, in which the boat was injured, and her master libelled the tug for damages. *Held*, that upon the evidence the captain of the canal-boat must be held responsible for the steering of his boat, and therefore the tug was not responsible for the collision that ensued.

*T. C. Campbell,* for Bissell.

*Beebe, Wilcox & Hobbs,* for steam-tug Alexander.

BENEDICT, D. J. The admitted fact that the relative weight of the tug and the canal-boat was such that the tiller of the canal-boat would control both the tug and the canal-boat renders it highly probable that the contract between the parties was as claimed by the respondent, viz.: that the respondent should furnish a man to steer the canal-boat; and inasmuch as the sole cause of the collision, in which the canal-boat was injured, was lack of proper steering of the canal-boat, it follows that the collision must be attributed to the fault of the libellant's agent, and not to any fault of the Alexander, unless it be true, as claimed by the libellant, that at the time of the accident the man at the tiller of the canal-boat was sent there by the captain of the Alexander, and was consequently an agent of the respondent. Upon this question of fact the evidence is in flat contradiction. The man who was at the tiller of the canal-boat was a person in no way connected either with the boat or the tug, who was going to Rockaway by the permission of the captain of the Alexander. He, of course, must know how he came to be at the tiller of the canal-boat, and I decline to accept his statement as the truth. He says he was put there by the captain of the canal-boat to steer the boat, while the captain went to his breakfast; that he was wholly unable to manage the tiller, being a cripple; and that when the danger was seen he called, as did others, to the captain of the boat to come to the tiller, but without avail.

Such being the fact, there appears to be no room to contend that the tug can be held to be responsible for the collision that ensued. The libel is accordingly dismissed, with costs.